# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ROY L. ALFORD, | § |
| | § No. 275, 2014 |
| Defendant Below, | § |
| Appellant, | § Court Below – Superior Court |
| | § of the State of Delaware, |
| v. | § in and for Sussex County |
| | § |
| STATE OF DELAWARE | § Cr. ID. No. 92K05709DI |
| | § |
| Plaintiff Below, | § |
| Appellee. | § |

Submitted: July 9, 2014
Decided: August 19, 2014

Before **HOLLAND**, **RIDGELY** and **VALIHURA**, Justices.

## ORDER

This 19th day of August 2014, having carefully considered the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1) On February 12, 1993, a Superior Court jury convicted Alford of First Degree Robbery, Possession of a Deadly Weapon During the Commission of a Felony, Resisting Arrest, and Second Degree Trespass. He was sentenced to life imprisonment as a habitual offender. This Court affirmed the convictions on direct appeal in February 1994.

(2)    Alford filed his first Rule 61 petition for postconviction relief in the Superior Court, which was denied in 1997.[1] This Court affirmed that decision.[2]

(3)    Alford filed a second Rule 61 petition for postconviction relief in the Superior Court, which was denied on May 1, 2013.  This Court affirmed that decision in an order dated July 8, 2013.[3]

(4)    Alford filed the present petition, his third Rule 61 petition for postconviction relief, on October 30, 2103, in which he asserts three claims.  First, he argues that he was entitled to receive appointed counsel in his third Rule 61 petition.  Second, he claims that his trial counsel was ineffective.  Third, he claims the State committed a *Brady* violation in 1992, during his trial.  The Superior Court summarily denied Alford's third petition for postconviction relief in an Order dated April 28, 2013.  Alford now appeals the Superior Court's denial of his third Rule 61 petition.

(5)    This Court reviews the denial of a petition for postconviction relief for an abuse of discretion.  Questions of law are reviewed *de novo*.[4]

(6)    All of Alford's claims are without merit.  First, Alford does not have a right to counsel in this, his third, Rule 61 petition for postconviction relief.

---

[1] *State v. Alford*, 1997 WL 364023 (Del. Super. Apr. 11, 1997).

[2] *Alford v. State*, 1997 WL 619129 (Del. Oct. 2, 1997).

[3] *Alford v. State*, 2013 WL 3484679 (Del. July 8, 2013).

[4] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

2

Superior Court Criminal Rule 61(e) creates a right to counsel in an appellant's *first* postconviction motion. However, under Rule 61(e)(4), the appointment of counsel in subsequent postconviction motions is left to the discretion of the judge if the appellant meets the preliminary pleading requirements required by Rule 61. Because Alford has not satisfied the pleading requirements, the Superior Court did not abuse its discretion in not appointing counsel to represent him in his third postconviction proceeding. Furthermore, the federal case law cited by the appellant is irrelevant to this case grounded in matters of state law. Thus, the Superior Court did not abuse its discretion in summarily denying the appellant's third petition for postconviction relief as to the right to appointed counsel claim.

(7) Second, Alford's remaining claims are procedurally barred under Rule 61(i)(2) and 61(i)(3). Additionally, the appellant has not demonstrated "a colorable claim that there was a miscarriage of justice because of a constitutional violation" such that the procedural bars would not apply. Alford's claim that his trial counsel was ineffective contains only conclusory allegations that are not supported by a showing of prejudice. Moreover, the appellant has failed to explain how the use of his Delaware ID card by police in 1992 constitutes exculpatory evidence under *Brady*. Thus, the Superior Court did not abuse its discretion in summarily denying the appellant's third petition for postconviction relief as to the ineffective assistance of trial counsel and the *Brady* claims.

3

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice